E. S. REISHUS and Another v. WILLMAR & SIOUX FALLS RAILWAY COMPANY.[1]

June 17, 1904.

Nos. 13,884—(144).

**Negligence—Evidence.**

 Action to recover the value of hay which was destroyed by fire alleged to have been started by the defendant negligently permitting one of its engines to scatter sparks of fire. *Held*, that the verdict for the plaintiff was sustained by the evidence.

Appeal by defendant from an order of the district court for Lyon county, Webber, J., denying a motion for a new trial. Affirmed.

*Wm. R. Begg* and *C. H. Winsor,* for appellant.

*M. E. Mathews,* for respondents.

START, C. J.

This action was brought to recover the value of hay belonging to the plaintiffs, which was destroyed by fire by reason of the defendant's alleged negligence. The complaint averred that the hay, which was of the value of $175, was stacked on the land of one of the plaintiffs

---

[1] Reported in 100 N. W. 1.

lying along the defendant's right of way, and that on November 14, 1901, at about one o'clock in the afternoon, defendant, while running one of its trains past the premises of plaintiffs, negligently allowed the engine thereof to throw, drop, and scatter sparks of fire; that the sparks caused a fire in the grass and other combustible materials upon the right of way, which spread to and upon the premises of plaintiffs, and completely consumed the stacks of hay; that defendant negligently allowed dry grass and other combustible materials to remain and accumulate upon its right of way opposite the premises before and at such time; that defendant negligently allowed the fire to originate in and escape from its right of way and consume the property of plaintiffs. The answer denied any negligence on the part of defendant. A trial of the action resulted in a verdict for the plaintiffs in the sum of $123.47. The defendant appealed from an order denying its motion for a new trial.

The first contention of the defendant is to the effect that the evidence was insufficient to justify the verdict. There was evidence on behalf of the plaintiffs that between one and two o'clock of the afternoon of November 14, 1901, a railway train of the defendant, going north, passed the premises of the plaintiffs; that the engine hauling the train emitted or threw out sparks of fire, which were carried by the wind beyond the right of way, and set a fire on the plaintiffs' land, which spread and consumed the hay in question. The defendant offered no evidence tending to show that the engine was of approved make, and in good repair, carefully and properly operated.

The defendant claims that because the fire started outside of the right of way there could be no recovery in this action, for the reason that the sole negligence alleged in the complaint was negligently permitting combustibles to accumulate on its right of way, and in permitting the fire which caught therein to spread to the property of plaintiffs and consume the hay. It is true that this was a ground of negligence alleged in the complaint, and, if it were the only one, the defendant's claim would be correct, for there was no evidence tending to prove this specific act of negligence. But such was not the case, for there were two specific substantial acts of negligence alleged in the complaint. The other one was that the defendant negligently allowed its engine to throw, drop, and scatter sparks of fire, which caused a fire

in the grass on the right of way, which spread to and upon the premises of the plaintiffs, and consumed the hay.   The gist of this alleged act of negligence is not that the fire started on the right of way, but that the defendant negligently allowed the engine to scatter the sparks which started the fire which consumed the hay.   It was therefore immaterial whether the sparks lodged in the grass on the right of way, and there started the fire, or blew over on the adjoining land, and there started the fire.   In either case the fire that burned the hay was started by sparks negligently thrown by the engine.   The trial court submitted to the jury only this first alleged act of negligence.   The evidence was sufficient to establish prima facie this particular act of negligence.

The defendant also claims that the evidence is not sufficient to trace the fire to any train of the defendant.   The witness called by the plaintiffs to establish the origin of the fire testified, in effect, that the sparks which set the fire were thrown and scattered by an engine hauling a freight train going north between one and two o'clock in the afternoon, and that he saw no train going south.   The defendant called its train dispatcher, who testified that he had no record of any freight train going north between noon and three o'clock in the afternoon of the day the hay was burned, and, further, that it was his duty to, and that he did, keep a record of the movements of all trains under his control. It is, however, conceded that a train ran south past the plaintiffs' land some time after twelve o'clock.   It is difficult to see how the direction the train was running could be material, for the material fact is, did the defendant's engine pass the land at the time the fire was started, and scatter the sparks which caused the fire?   If it did, it was of no consequence which way the engine was headed.   The defendant however, insists that it was impossible for it to rebut the alleged negligence. in the operation of a freight train running past the premises going north at the time claimed because there was in fact no train which went north. But the defendant, in any event, could, after giving evidence tending to show that the train that passed the premises was going south, and that no train went north, show, if such were the fact, that the engine hauling the train was of approved make, in good repair, and carefully and properly handled.

But, this aside, the trial court, at the request of the defendant, instructed the jury to the effect that, if satisfied from the entire evidence

that no engine passed the plaintiffs' land going in a northerly direction at the time claimed, their verdict must be for the defendant. The verdict of the jury necessarily established the fact that the train was going in a northerly direction. The evidence on this question was conflicting, and the verdict is not so manifestly against the evidence as to justify us in setting the verdict aside.

The last alleged error urged by the defendant is that the trial court erred in refusing its first and second requests for instructions. They were properly refused, for the reason that they were, so far as material and correct, covered by the general charge and the defendant's third request which was given. We find no reversible errors in the record.

Order affirmed.